This suit results from a collision between a Cadillac Automobile owned by the plaintiff, Joseph Gumbel, and, at the time of the accident, driven by his wife, and a truck owned and operated by the Jackson Brewing Company. The accident occurred on Pontchartrain Boulevard at three o'clock in the afternoon of October 24, 1942, when the left front wheel of the Cadillac car collided with the right rear wheel and fender of the truck. Plaintiff claims $261.14 as damages to his automobile plus $5 towing charges.
The allegations of negligence contained in plaintiff's petition consist in the charge that the truck failed to stop and blow its horn on the neutral ground of Pontchartrain Boulevard, as it is said it was required to do by Article V, Sections 2 and 15 (c) of the Traffic Ordinance No. 13,702 C.C.S., and that it proceeded to cross the roadway in front of the automobile at a time when it was impossible for plaintiff's wife to stop her car notwithstanding the fact that she applied her brakes immediately.
The defendant denies all charges of negligence and avers that its truck was carefully and prudently operated and that it had preempted the intersection when struck in the rear by the Gumbel car.
There was judgment below in favor of defendant dismissing plaintiff's suit and he has appealed.
Pontchartrain Boulevard is a wide thoroughfare bisected by a narrow neutral ground, each side devoted to one way traffic. The roadway on which the accident occurred was thirty-one feet, nine inches wide. Mrs. Gumbel testified that she was driving at the rate of twenty-five miles per hour and that when she reached the intersection of Monroe Street the truck of defendant dashed across her path.
The sections of the traffic ordinance relied upon are as follows:
Article V — Section 2. "Any person who drives any vehicle upon a highway carelessly and heedlessly in disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving."
Section 15 (c). "Vehicles turning left at an intersection. The driver of a vehicle within an intersection intending to turn to the left shall yield to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by law, may make such left turn, and other vehicles approaching the intersection from said opposite direction shall yield to the driver making the left turn." *Page 392 
There were two occupants of the truck, the driver, Tony Rizzuto, and Edward V. Davidson, who testified in substantial agreement and to the effect that when the truck had almost crossed Pontchartrain Boulevard and while moving very slowly (from two to five miles per hour) it was struck in the vicinity of the rear right wheel by the Cadillac, which they did not see though they looked in the direction from which it was approaching, but they heard the screeching of its brakes just before the impact. They also testified that there were skidmarks on the pavement about sixty feet long.
Edward R. Schafer, Jr., who lived near the scene of the accident, testified on behalf of the defendant. He said that he did not see the accident but arrived at the scene immediately after it occurred; that there was evidence of skidmarks on the pavement and that he later measured them and found them to be sixty feet long. There is some confusion about the time that he measured the skidmarks and the contention is made that they were not evident when he says he measured them because of a heavy rain which had fallen in the meantime. Be that as it may, however, there is no doubt about the skidding of the Cadillac Automobile.
Mrs. Gumbel, herself, admits that her car skidded. She places the point of contact at about the middle of the intersection.
Lieutenant Chas. G. Brown of the United States Medical Corps, who appeared as a witness on behalf of the plaintiff, testified that when he saw the truck it was approaching Monroe Street from a direction opposite to that in which Mrs. Gumbel was driving her Cadillac Automobile and that it turned into Monroe Street going very slowly. Mrs. Gumbel, he says, was not driving at an excessive rate of speed. He also saw skidmarks on the pavement.
We are convinced that Mrs. Gumbel was driving too fast. The fact that she skidded in her effort to stop before she struck the truck is an indication of that fact. The pavement was dry and we have it on the testimony of Ralph Landry, a witness for the plaintiff, with twenty-four years experience in the automobile business, that Mrs. Gumbel's brakes were in perfect condition after the accident and that at twenty-five miles per hour, the speed she claims to have been travelling, her car could have been stopped within it's length, but that if driven at a greater speed it would skid because of its momentum. For example, at fifty miles per hour if the brakes are applied suddenly "it will skid either to the left or the right" and that the greater the speed the greater the distance the car will skid.
It will be remembered that the left front wheel of the Cadillac struck the right rear wheel of the truck when the truck was almost across the intersection and it would seem that Mrs. Gumbel, if driving slowly with her car under control, could have avoided the accident.
We find no evidence of negligence on the part of the driver of defendant's truck, but if there was, the contributory negligence of Mrs. Gumbel would bar recovery by plaintiff.
Our conclusion is that the judgment appealed from is correct, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.